**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SAMANTHA HEARD,<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREWS BEHAVIORAL HEALTH a/k/a ANDREWS CENTER OF TYLER, a/k/a ANDREWS CENTER,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 6:26-cv-00266<br>Jury |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Samantha Heard (referred to as "Heard") files this amended complaint against Defendant Andrews Behavioral Health a/k/a Andrews Center of Tyler a/k/a Andrews Center (referred to as "Andrews Center") under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code ch. 21; and 42 U.S.C. § 1981.

### I. Nature of Suit

1. Heard's claims arise under Title VII, the TCHRA and 42 U.S.C. § 1981.

2. Title VII was enacted to improve the economic and social conditions of minorities and women and to prohibit discrimination in employment on grounds of race, color, religion, sex, and national origin. *See*, 29 C.F.R. § 1608.1(b).

3. The TCHRA was enacted to provide for the execution of the policies of Title VII. *See*, Tex. Lab. Code § 21.001(1).

4. Section 1981 was enacted is to protect individuals from racial discrimination in the United States; it guarantees that all persons, regardless of their race or ethnicity, have the exact same right to make and enforce contracts, sue, give evidence, and enjoy the full benefit of the laws. *See*, 42 U.S.C. § 1981.

5. Andrews Center is liable to heard because it discriminated against her on the basis of her race and retaliated against her for opposing unlawful employment practices and/or for making charges, testifying, assisting and/or participating in an investigation, proceeding, or hearing under Title VII and/or the TCHRA.

## II. Jurisdiction & Venue

6. Heard seeks monetary relief over $1,000,000. See, Tex. R. Civ. P. 47(c)(5).

7. This action arises under federal statutes, Title VII and 42 U.S.C. § 1981. *See*, 28 U.S.C. § 1331 (federal-question jurisdiction).

8. The Court has supplemental jurisdiction over Heard's TCHRA claims because they are related to her Title VII and 42 U.S.C. § 1981 claims that they form part of the same case or controversy under U.S. Const. art. III. 28 U.S.C. § 1367(a) (supplemental jurisdiction).

9. Venue is proper in this district and division because Andrews Center resides in this district and division. *See*, 28 U.S.C. § 1391(b)(1).

## III. Parties

10. Plaintiff Samantha Heard is an individual who resides in Smith County, Texas.

11. Defendant Andrews Behavioral Health a/k/a Andrews Center of Tyler a/k/a Andrews Center is a part of the Texas Department of Health and Human Services statewide service delivery system that has been served with process and has appeared.

## IV. Facts

12. Andrews Center is a community mental health and healthcare services organization operating throughout East Texas.

13. Andrews Center employed Heard as its Chief of Operations beginning in or around June 2025.

14. Heard is African American.

15. Heard was hired into an executive-level leadership role and was responsible for operational oversight, organizational administration, personnel management, and compliance-related functions.

16. Heard was a highly qualified executive and performed her job duties competently and successfully.

17. During her employment, Heard became aware of serious workplace, compliance, patient-safety, and discrimination-related concerns involving Andrews Center leadership and certain medical providers associated with the organization.

18. Among other things, Heard became aware of allegations involving Physician Assistant Alexandra Smith and Dr. AJ Ellum, including allegations concerning inappropriate sexual relationships involving employees, ketamine use, and workplace misconduct implicating patient safety and professional licensing concerns.

19. Heard raised concerns internally regarding Andrews Center's handling of these issues and warned executive leadership that the organization faced significant legal, ethical, regulatory, and employment-law exposure.

20. Heard specifically complained about retaliation, discriminatory treatment, failures of leadership, patient-safety issues, and impaired-provider concerns.

21. Heard also learned that Andrews Center treated similarly situated non-Black employees more favorably than it treated her.

22. In particular, Heard observed that non-black employees accused of serious misconduct—including allegations involving illicit ketamine use, inappropriate sexual relationships, workplace misconduct, and conduct implicating patient safety—were not disciplined or terminated in the same manner as Heard.

23. Heard repeatedly complained about discriminatory treatment, retaliation, and unlawful workplace conduct to Andrews Center leadership, including Rebecca Mangum, its chief executive officer, and Human Resources Director Anne Cozart.

24. On or about December 22, 2025, Heard submitted a detailed written complaint to Andrews Center's Board of Directors regarding retaliation, discrimination, Equal Employment Opportunity Commission ("EEOC") exposure, leadership misconduct, patient-safety concerns, and organizational compliance failures.

25. Heard's complaints constituted protected activity under Title VII, the Texas Labor Code, and 42 U.S.C. § 1981.

26. Heard also initiated proceedings with the Equal Employment Opportunity Commission concerning retaliation and discrimination, and she told Andrews Center's Board of Directors about her EEOC complaint.

27. Shortly after Heard engaged in protected activity, Andrews Center began retaliating against her.

28. On January 8, 2026, Andrews Center abruptly suspended Heard pending an alleged internal investigation.

29. The investigation was directed and controlled by the same individuals about whom Heard had previously complained.

30. Andrews Center accused Heard of vague, exaggerated, false, and selectively enforced misconduct allegations, including alleged professionalism concerns, attendance issues, interpersonal conflicts, and forwarding emails—all less serious than sexual misconduct and drug use in the workplace.

31. Andrews Center's stated reasons for disciplining Heard were false, pretextual, and manufactured to justify retaliating against Heard for her complaints regarding discrimination, retaliation, misconduct, compliance failures, and patient-safety concerns.

32. At the same time Andrews Center aggressively investigated Heard, it failed to similarly discipline non-back employees accused of significantly more serious misconduct, like sexual misconduct and drug use.

33. Prior to Heard engaging in protected activity, Andrews Center had disciplined Heard for work-related misconduct.

34. Andrews Center maintained written anti-retaliation and grievance procedures prohibiting retaliation against employees who report discrimination, harassment, retaliation, or workplace misconduct.

35. Andrews Center failed to follow its own policies and procedures in its treatment of Heard.

36. On or about February 6, 2026, Andrews Center terminated Heard's employment.

37. Andrews Center claimed Heard engaged in misconduct and asserted that her continued employment was "unsustainable."

38. Andrews Center's stated reasons for terminating Heard were false and constituted unlawful pretext for retaliation and race discrimination.

39. As a direct and proximate result of Andrews Center's unlawful conduct, Heard has suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, reputational harm, and other compensatory damages.

### V. Count One— Race Discrimination in Violation of Tex. Lab. Code § 21.051

40. Heard adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

41. "An employer commits an unlawful employment practice if because of race[] … the employer[] … discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

42. Andrews Center discriminated against Heard because of her race by, among other things, selectively enforcing workplace rules, subjecting her to disparate discipline, investigating her more aggressively than similarly situated non-Black employees, and terminating her employment.

43. As a result of Andrews Center's unlawful conduct, Heard has suffered and will continue to suffer damages.

### VI. Count Two— Retaliation in Violation of Tex. Lab. Code § 21.055

44. Heard adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

45. Andrews Center retaliated against Heard because she opposed discriminatory conduct, complained about unlawful practices, and otherwise engaged in protected activity.

46. Andrews Center's retaliatory acts included suspension, investigation, hostile treatment, false accusations, and termination.

47. As a result of Andrews Center's unlawful conduct, Heard has suffered and will continue to suffer damages.

## VII. Count Three— Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

48. Heard adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49. Andrews Center discriminated against Heard because of her race in violation of Title VII.

50. Andrews Center treated similarly situated non-Black employees more favorably than Heard.

51. Andrews Center terminated Heard because of her race and/or subjected her to disparate treatment because of her race.

52. As a result of Andrews Center's unlawful conduct, Heard has suffered and will continue to suffer damages.

## VIII. Count Four— Retaliation in Violation of Title VII of the Civil Rights Act of 1964

53. Heard adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

54. Heard engaged in activity protected under Title VII by complaining about discrimination, retaliation, and unlawful employment practices.

55. Andrews Center retaliated against Heard because of her protected activity.

56. As a result of Andrews Center's unlawful conduct, Heard has suffered and will continue to suffer damages.

## IX. Count Five— Race Discrimination and Retaliation in Violation of 42 U.S.C. § 1981

57. Heard adopts by reference all of the facts set forth above. *See*, *See*, Fed. R. Civ. P. 10(c).

58. Andrews Center violated 42 U.S.C. § 1981 by discriminating and retaliating against Heard because of her race and because she opposed race discrimination.

59. Andrews Center intentionally interfered with Heard's contractual employment relationship because of race and protected activity.

60. Andrews Center acted intentionally, maliciously, and with reckless indifference to Heard's federally protected rights.

61. As a result of Andrews Center's unlawful conduct, Heard has suffered and will continue to suffer damages.

## X. Attorney's Fees

62. Heard adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63. Heard is entitled to recover reasonable and necessary attorney's fees by statute. *See*, Tex. Labor Code § 21.259, 42 U.S.C. § 1988, and other applicable law.

64. Heard has retained the professional services of the undersigned attorneys.

65. Heard has complied with the conditions precedent to recovering attorney's fees.

66. Heard has incurred or may incur attorney's fees in bringing this lawsuit.

67. The attorney's fees incurred or that may be incurred by Heard were or will be reasonable and necessary.

## XI. Jury Demand

68. Heard demands a trial by jury on all issues triable to a jury and tenders the appropriate fee. *See*, Fed. R. Civ. P. 38.

## XII. Administrative Prerequisites

69. On or about February 13, 2026, Heard filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce

Commission. *See*, 40 Tex. Admin. Code § 819.71; *see also*, *Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2001).

70. On February 18, 2026, Heard received a notice of the right to sue from the Equal Employment Opportunity Commission.

71. Heard brought this action within ninety days of receiving the notice of the right to sue.

72. On April 29, 2026, Heard received a notice of the right to file a civil action from the Texas Workforce Commission.

73. Heard brought this action within sixty days of receiving the notice of the right to file a civil action.

74. Heard has exhausted all administrative prerequisites to bringing this action.

## XIII. Conditions Precedent

75. All conditions precedent to Heard's claims for relief have been performed or have occurred. *See*, Fed. R. Civ. P. 9(c).

## XIV. Relief Sought

76. Heard demands the following:

a. direct or general damages;

b. back pay, plus prejudgment interest as provided by law, from the date of the adverse employment action until the date of judgment;

c. an award of the present value of front pay due to her for a reasonable period following the date of the judgment, calculated as of the date of judgment;

d. additional compensatory damages in an amount within the jurisdiction of this court;

e. exemplary damages against Andrews Center in a sum determined by the trier of fact;

f. all prejudgment and postjudgment interest allowed by law;

g. attorney's fees;

h. court costs; and

i. all other relief to which Heard is entitled.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: ______________________
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF SAMANTHA HEARD**

## Certificate of Service

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) on the date indicated as follows:

Mr. William S. Helfand
Bill.Helfand@lewisbrisbois.com
Lewis, Brisbois, Bisgaard & Smith
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
*Attorneys for Defendant Andrews Center*

☐ mail
☐ personal delivery
☐ leaving it at ☐ office ☐ dwelling
☐ leaving it with court clerk
☐ electronic means
☐ other means
☒ CM/ECF system

Date: July 6, 2026

[signature]
Curt Hesse