1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SAMANTHA HEARD, | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.  6:26-CV-00266-JCB** |
| **v.** | § § § | |
| **ANDREWS BEHAVIORAL HEALTH,** | § § § | |
| **Defendant.** | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Andrews Behavioral Health's ("Defendant") motion to stay and to compel arbitration. (Doc. No. 9.) Plaintiff Samantha Heard filed a response. (Doc. No. 11.) For the reasons stated herein, the Court **GRANTS** Defendant's Motion (Doc. No. 9).

**BACKGROUND**

Plaintiff Samantha Heard was a former employee of Defendant whose employment was terminated on February 6, 2026. (Doc. No. 1, at ¶ 32.) Plaintiff filed this suit on May 19, 2026, alleging that Defendant discriminated against her on the basis of race and retaliated against her in violation of Texas law, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. *Id.* at ¶¶ 36–63. Defendant contends that Plaintiff's claims are subject to a valid arbitration agreement and should be stayed until the completion of arbitration. (Doc. No. 9.) Plaintiff has filed a response that requests only that the court submit the issue of whether this case should go to arbitration to a jury. (Doc. No. 11.)

**LEGAL STANDARD**

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* In regard to the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.*, 568 F.3d at 222 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). An employer attempting to enforce an arbitration agreement must show the agreement meets all requisite contract elements. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003). The second question of scope is answered "by applying the 'federal substantive law of arbitrability....'" *Graves,* 586 F.3d at 222 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

### DISCUSSION

Here, Plaintiff makes a jury demand in response to Defendant's motion to compel arbitration, citing to 9 U.S.C. § 4. (Doc. No. 11.) But this provision provides for a jury only where there is a genuine factual dispute over the existence or making of the arbitration agreement. 9 U.S.C. § 4. Plaintiff's response provides no genuine issue of material fact regarding the existence

of an arbitration agreement in this case. Plaintiff's response consists of no more than a single paragraph that quotes the statutory language and demands a jury. (Doc. No. 11.) Moreover, "deciding an arbitration agreement's enforceability between parties remains a question for courts." *Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393, 398 (5th Cir. 2022).

To determine whether an agreement to arbitrate exists, courts apply "ordinary state-law principles that govern the formation of contracts." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 216 (5th Cir. 2003). The parties do not dispute that Texas law applies. In Texas, a contract requires, "(1) offer; (2) acceptance in strict compliance with the offer's terms; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration." *Nazareth Hall Nursing Ctr. v. Melendez*, 372 S.W.3d 301, 305 (Tex. App.—El Paso 2012, no pet.). Here, Defendant has attached Plaintiff's at-will employment agreement signed by Defendant on March 26, 2019. (Doc. No. 9-1.) Section 3 of the agreement includes an arbitration clause that requires arbitration for all disputes arising between employer and employee. *Id.* at 3–8.

Although the employment agreement does not include Plaintiff's signature, the Supreme Court of Texas has held that the FAA does not require parties to sign an arbitration agreement for it to be valid "so long as [the agreement is] written and agreed to by the parties." *In re Polymerica, LLC*, 296 S.W.3d 74, 76 (Tex. 2009); *see In re AdvancePCS Health, L.P.*, 172 S.W.3d 603, 606 (Tex. 2005). Under principles of Texas contract law, a party's failure to sign an agreement will render it unenforceable when the terms of the contract make it clear that the party's signature is required to make it binding. *See Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) ("Texas law recognizes that a contract need not be signed to be 'executed' unless the parties explicitly require signatures as a condition of mutual assent."). Here, the agreement is in writing and there is no provision requiring signature. Regardless, Defendant has

provided Plaintiff's electronic acceptance of this agreement. (Doc. No. 9-2.) Texas has adopted the Uniform Electronic Transactions Act (Tex. Bus. & Com. Code §§ 322.001–322.021), which provides that electronic signatures may be used in contract formation. Tex. Bus. & Com. Code § 322.009(a). Additionally, Plaintiff's continued employment supports the acceptance of the contract. *See Marino v. Dillards, Inc.*, 413 F.3d 530, 532–33 (5th Cir. 2005). And, "[m]utual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement." *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010). Defendant has sufficiently shown that an arbitration agreement exists.

Once the movant has shown that an arbitration agreement exists, "a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Signal Ridge Owners Ass'n, Inc. v. Landmark Am. Ins. Co.*, 657 F. Supp. 3d 866, 873 (N.D. Tex. 2023) (quoting *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004)). To attack the existence of an arbitration agreement, a party must first put the making of the agreement in issue by "unequivocally deny[ing] that he agreed to arbitrate and produc[ing] some evidence supporting his position." *Chester v. DirecTV, LLC.*, 607 F. App'x 362, 364 (5th Cir. 2015) (internal quotations and alterations omitted). Here, as Plaintiff has not provided any substantive response to the motion, and the time frame for doing so has passed, *see* L.R.-CV-7(e), Plaintiff has failed to provide any evidence supporting a position that a valid agreement to arbitrate does not exist in this case. Accordingly, the court finds there is a valid agreement to arbitrate

Having found the agreement to be valid, the only remaining question is whether Plaintiff's claims fall within the scope of the agreement. Here, the arbitration agreement contains a delegation clause. *See* Doc. No. 9-1, at 3–4. "[A] valid delegation clause requires the court to refer a claim to arbitration to allow the arbitrator to decide gateway arbitrability issues." *Rent–A–Ctr., W., Inc. v.*

*Jackson*, 561 U.S. 63, 68–69 (2010). Thus, "the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016). Here, the agreement provides, "[i]t is the parties' intent that all disputes of any legally cognizable claim, no matter whether alleged to arise by statute, contract, common law, or otherwise, between them must be arbitrated, and this agreement expressly including, but is not limited to, any dispute about the interpretation, scope, validity or enforcement of this Agreement of the extent of the arbitrability of any claim…" (Doc. No. 9-1, at 4.) Accordingly, the court finds that the agreement evinces an intent to have the arbitrator decide whether a given claim must be arbitrated.

Finally, the court is unaware of any federal statute or policy which renders Plaintiff's claims nonarbitrable. Under the FAA, once a court finds that arbitration is required, it must stay the underlying litigation to allow arbitration to proceed. 9 U.S.C. § 3.

## CONCLUSION

For the reasons stated herein, Defendant's motion to compel arbitration (Doc. No. 9) is **GRANTED** and the case is **ADMINSTRATIVELY CLOSED** pending arbitration. The parties shall file a notice with the court within 5 days of the completion of the arbitration proceedings indicating whether this matter can be closed.

**So ORDERED and SIGNED this 23rd day of July, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE